# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

U4, LLC,

        *Plaintiff,*

    v.

                              Case No. 16-1269-EFM

SONIC DRIVE-IN of PITTSBURG, LLC,
JOHN R. MARTIN, and WAYNE McCABE,

        *Defendants.*

## MEMORANDUM AND ORDER

On July 31, 2017, this Court found that exceptional circumstances warranted a stay of this action and stayed proceedings in this action under the *Colorado River*[1] doctrine. On October 19, 2018, Plaintiff U4, LLC filed a Motion to Lift Stay (Doc. 41) arguing that the passage of time, unfairness to Plaintiff, and improper tactics by Defendants justify lifting the stay. For the reasons explained below, the Court denies Plaintiff's Motion.

### I.      Factual and Procedural Background

The Court previously summarized the factual and procedural background in its July 31, 2017, Memorandum and Order. In short, this action involves a dispute as to the proper owner of a 25% interest in the Sonic Drive-In of Pittsburg, LLC ("Sonic"). Prior to the events giving rise

---

[1] *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

to this litigation, the Sonic had been owned by Defendant John Martin (53%), Defendant Wayne McCabe (22%), and R&L Carpenter Enterprises, Inc. ("R&L") (25%). On April 5, 2016, R&L ostensibly sold its 25% membership interest to Plaintiff. Plaintiff brought this action on June 29, 2016, to enforce its purported purchase of R&L's membership interest.

Defendants contend that in late 2015, prior to R&L's alleged sale of its membership interest to Plaintiff, R&L had offered to sell the same interest to Defendants Martin and McCabe and that Martin and McCabe had accepted R&L's offer. Martin and McCabe filed suit against R&L and Roger Carpenter[2] on October 13, 2016, in the District Court of Crawford County, Kansas, seeking specific performance of their alleged purchase of R&L's membership interest. Defendants requested that this Court stay proceedings in this action until the parallel state court litigation concluded. Plaintiff opposed the stay.

On July 31, 2017, this Court granted Defendants' request to stay proceedings in this action. In doing so, the Court agreed with Plaintiff that the *Colorado River* doctrine governed Defendants' request, and analyzed the six applicable factors.[3] This Court found that four factors weighed in favor of staying the case—the inconvenience of the federal forum,[4] the desirability of avoiding piecemeal litigation, whether federal law governs the merits, and the adequacy of the state court action. It found that two factors weighed against staying the case—simultaneous jurisdiction over a single res and the order in which the courts gained jurisdiction. In balancing these factors, the

---

[2] Defendants represent that Roger Carpenter was the owner of R&L.

[3] *See* Doc. 37, pp. 8-15 (analyzing the following factors: (1) simultaneous jurisdiction over a single res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) whether federal law provides the rule of decision on the merits; and (6) the adequacy of the state court action to protect the federal plaintiff's rights).

[4] The Court noted that although the inconvenience of the federal forum technically weighed in favor of a stay, this factor did not "greatly move[]" the Court.

Court gave considerable weight to avoiding piecemeal litigation and to the adequacy of the state court action, and found that the two factors weighing against a stay carried little persuasive value under the circumstances.

Plaintiff filed the instant motion on October 19, 2018, over 14 months after the Court entered its Order staying this case. Plaintiff asks that the Court lift the stay due to the passage of time and recent continuance of the state court trial from October 2018 to April 2019. Plaintiff argues that it has patiently waited for a resolution of the state court action, that the "inordinate delay is profoundly unfair to and frustrating for" Plaintiff, and that "[i]t appears that Mr. Martin, Mr. McCabe, and, perhaps, R&L Carpenter, are using this Court's stay to starve U4, LLC into capitulation to Mr. Martin's and Mr. McCabe's position and surrender its ownership." Plaintiff argues that the delay in the parallel state court proceedings indicates that this Court's deference is being abused, and since the state court action will not reach resolution in the foreseeable future, this Court should lift the stay. Plaintiff offers no factual support for its speculative assertion that the state court parties have abused the stay entered by this Court. The only facts related to the state court proceeding Plaintiff offers include that Plaintiff produced witnesses for depositions, that Plaintiff participated in an unsuccessful mediation, and that a second dispositive motion had been filed—though Plaintiff does not indicate which party filed the second dispositive motion.

Defendants oppose lifting the stay and argue that nothing has changed that would impact the Court's prior ruling and that the Court still "cannot completely or efficiently resolve the instant dispute until the state court matter is resolved." It argues that Plaintiff's profound frustration does not change the factors that led this Court to stay this action, and disputes that the state court proceedings have been delayed purposefully or as part of a litigation tactic. Defendants assert that delays in the state court proceeding result from typical litigation activities, such as pre-trial motions

and attempts to mediate, and represents that they agreed to continue the trial because Roger L. Carpenter, the owner of R&L and a named party in the state court case, passed away in late August 2018, making it impractical to proceed to trial as scheduled.

Plaintiff's reply brief contends that the principles underlying the *Colorado River* doctrine have been undermined by Defendants' deliberate delay in the parallel state court proceeding, and submits that "Defendants' claim that the inordinate delay in the state court proceedings was due to typical litigation activities is untrue." It again provides no factual basis for its conclusory assertions of wrongdoing. Finally, Plaintiff states that Defendants' assertion that Carpenter's death played a role in the delay of the state court proceedings is false. It argues that despite the fact that Carpenter was a named defendant and apparent owner of R&L, Defendants have not explained how the death of Carpenter prevented the state-court parties from going to trial less than two months later and states that Carpenter played no role in the events leading to the present dispute.

## II.    Discussion

Plaintiff's Motion is not well received. The two-page motion fails to address any of the *Colorado River* factors,[5] cites no legal authority in support of Plaintiff's request, and provides no evidentiary support for its conclusory allegation that Defendants have "use[d] this Court's stay to starve U4, LLC into capitulation to [Defendants] position and surrender its ownership." Plaintiff's reply brief levies serious allegations against Defendants, including accusing Defendants of

---

[5] Plaintiff's failure to address the *Colorado River* factors is puzzling. Not only did Plaintiff clearly have knowledge of the *Colorado River* factors based on prior proceedings in this case, but Plaintiff is the party that first argued that this Court should determine whether to grant Defendants' request for a stay under the *Colorado River* doctrine, as opposed to the standard advocated by Defendants and set forth in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). The closest Plaintiff comes to discussing the *Colorado River* factors appears in its reply brief, which includes only the unsupported statement that Defendants' conduct has undermined the principles on which that doctrine relies. Plaintiff cites no legal or evidentiary support for this assertion.

deliberately and improperly delaying court proceedings[6] and of strategically using the death of an opposing party to their advantage. Plaintiff fails, however, to support these scathing allegations with any evidence,[7] but instead criticizes Defendants for failing to provide evidence of "necessary and extensive litigation" that has prolonged the state court action.

Plaintiff must do more than present unsupported accusatory and inflammatory statements if it would like this Court to modify its prior Order. So too should Plaintiff discuss the relevant law applicable to the Court's decision. While Plaintiff may be profoundly frustrated at the pace of the state court proceedings, it has wholly failed to present any evidence or argument that persuades this Court to exercise its discretion to lift its prior Order.

### III.    Conclusion

As recognized by Plaintiff previously, the "core" principle of the *Colorado River* doctrine is "the avoidance of duplicative litigation." Nothing before the Court suggests that the Court would weigh the *Colorado River* factors any differently today than it did in July 2017. Accordingly, Plaintiff's Motion to Lift Stay is denied.

---

[6] Both Kansas and Federal law prohibit an attorney from "presenting to the court a pleading, written motion, or other paper" that is "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b); K.S.A. § 60-211(b).

[7] Plaintiff attempts to explain why it believes Carpenter was not a material witness in the parallel proceedings, in an effort to show that the trial could have gone forward without Carpenter. But, even if the trial could have proceeded, Plaintiff ignores the fact that the Defendants in this case (plaintiffs in the state court case) do not have sole control over the proceedings in the state court. Even if Carpenter was not a material witness, he nevertheless remained a named defendant in that action and the owner of the only other defendant in that action. In light of his status as a named defendant and owner of the only other defendant, it seems reasonable that his death might present certain complications, even if he was not a material witness to the underlying facts. Indeed, this Court would be inclined to grant a continuance in such circumstances and, absent extenuating circumstances, would not look favorably upon a party opposing such a request. Further, a review of exhibits submitted by Plaintiff in support of its motion for summary judgment in this case suggests that Carpenter had at least some role in the events giving rise to this dispute, casting doubt on Plaintiff's representation that "Mr. Carpenter had no role in these events and was not a material witness." *See, e.g.*, Doc. 17, pp. 27, 34, 35, 38, 39, and 41. *See also* Doc. 20, p. 8. The Court does not have a full record before it, and based on the little information before the Court, it finds no basis to conclude that Defendants have strategically used the death of Roger Carpenter to further its alleged dilatory litigation tactics.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Lift Stay (Doc. 41) is hereby

**DENIED.**

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2018.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE