IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

U4, LLC,

    *Plaintiff,*

vs.

SONIC DRIVE-IN OF PITTSBURG, LLC,
JOHN R. MARTIN, and WAYNE McCABE,

    *Defendants.*

Case No. 16-1269-EFM

**MEMORANDUM AND ORDER**

This case involves a dispute over the ownership of a limited liability company known as Sonic Drive-In of Pittsburg, LLC ("Sonic"). The Court previously stayed this case pending the outcome of a parallel case that was ongoing in state court. In its stay Order, the Court directed the parties to file a "notice of the state court judgment within 30 days after it is entered." Defendants Sonic, John Martin, and Wayne McCabe have provided the Court with notice of that judgment. In addition, they move the Court for an order to release the funds currently being held in trust pursuant to the Court's preliminary injunction order and to dismiss this action without prejudice (Doc. 47). In response, Plaintiff U4, LLC ("U4"), contends that there is a dispute regarding the funds held in trust and moves for leave to amend its Complaint to interplead the funds, to add defendants, and release U4 from any further liability regarding the disputed funds (Doc. 50). For the reasons explained below, the Court grants Defendants' motion and denies U4's motion.

## I. Factual and Procedural Background

Before April 5, 2016, Sonic was owned by three members: Martin owned 53%, McCabe owned 22%, and R&L Carpenter Enterprises, Inc. ("R&L") owned 25%. Sonic's operating agreement restricted the members' right to sell their membership interests to third parties by providing the other members with a right of first refusal.

In November 2015, R&L desired to sell its 25% interest in Sonic. R&L, Martin, and McCabe engaged in various communications regarding this sale that are not at issue in this motion. R&L subsequently identified U4 as a potential buyer. On April 5, 2016, R&L notified Martin and McCabe that it had sold its membership interests in Sonic to U4. Martin and McCabe, however, refused to recognize the sale, and asserted that the sale was invalid and unenforceable because they had properly exercised their right of first refusal in November 2015. They contended that they were the actual owner of R&L's 25% interest.

Litigation followed. First, on June 29, 2016, U4 filed the instant action in this Court. In its Complaint, U4 names Sonic, Martin, and McCabe as defendants. U4 alleges that when R&L informed Martin and McCabe of its intent to sell its interest in Sonic, they failed to exercise their right of first refusal. Therefore, U4 contends that its purchase of R&L's membership interest is valid and enforceable. Accordingly, U4 seeks a judgment from this Court declaring that U4 owns a 25% membership interest in the Sonic and is entitled to all the rights and privileges that accompany such interest. U4 also seeks damages for profits that it claimed it was entitled to, but has not received, since April 5, 2016.

After U4 initiated this action, Sonic, Martin, and McCabe filed suit against R&L and Roger Carpenter[1] in the District Court of Crawford County, Kansas. In that state court action, which was filed on October 13, 2016, Sonic, Martin, and McCabe alleged that they exercised their right of first refusal over R&L's 25% interest in November 2015. They also asked for the Court to order specific performance, i.e., to order R&L to convey its interest to Martin and McCabe.

During litigation, Sonic continued its business operations and generated profits that would inure to the benefit of its members. Because of the ongoing dispute regarding who owned R&L's 25% membership interest, it was unclear who should receive these distributions in the interim. Recognizing this issue, the parties agreed to a preliminary injunction in this case under which R&L's distributions would be deposited into the trust account of Defendants' counsel until further order of the Court. The Court approved the parties' preliminary injunction order on January 30, 2017.

On February 17, 2017, the Court entered the Pretrial Order in this case. U4's contentions in the Pretrial Order are similar, if not identical, to those plead in its Complaint. U4 contends that Defendants have breached Sonic's operating agreement by failing to recognize U4's 25% ownership interest and refusing to distribute earnings from this 25% interest to it. U4 seeks a declaratory judgment (1) stating that it is the owner of R&L's 25% interest in Sonic, (2) granting compensatory damages for earnings distributed on this 25% interest from April 5, 2016, and (3) ordering Defendants to distribute earnings consistent with the operating agreement into the future. Defendants deny U4's purchase of R&L's interest in Sonic, deny that U4 is entitled to an injunction, and assert that they exercised their right of first refusal to purchase R&L's interest in

---

[1] From the record, it appears that Roger Carpenter is an owner of R&L.

November 2015. They also asserted that the instant action should be stayed until the state court action is resolved.

On July 31, 2017, this Court granted Defendants' motion to stay this case pending the outcome of the state court litigation. Relying on the *Colorado River*[2] abstention doctrine, the Court stated:

> After carefully considering each factor, the Court finds that the exceptional circumstances in this case warrant a stay of the instant action. Before this Court can determine whether R&L sold its 25% membership interest to U4, the state court must first determine whether R&L had already agreed to [sell] that same interest to Martin and McCabe. The principles underlying *Colorado River*—wise judicial administration, the conservation of judicial resources, and the comprehensive disposition of litigation—are all furthered by a stay in this case.
>
> For these reasons, the Court exercises its inherent authority to stay the instant case pending the outcome of the state court case.[3]

In July 2019, the state court litigation concluded. The court granted summary judgment to Martin and McCabe. The state court judgment ordered R&L (and its owner Roger Carpenter) to transfer the disputed 25% interest to Martin and McCabe upon their payment of $824,605.13 to R&L. The attempted sale of interest to U4 was "set aside and held for naught." Martin and McCabe paid $824,605.13 to R&L, and the disputed 25% interest was transferred and assigned to them. Martin and McCabe have acknowledged receipt and transfer of the 25% interest and filed a satisfaction and release of judgment in the state court case. R&L did not appeal the state court judgment.

In July 2019, Defendants provided notice to this Court of the state court judgment and moved to release the funds held in trust and dismiss this action with prejudice. Defendants contend

---

[2] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

[3] *U4, LLC v. Sonic Drive-In of Pittsburg, LLC*, 2017 WL 3232845, at *8 (D. Kan. 2017).

that as a result of the state court judgment, U4 no longer has any claim of ownership in Sonic, nor does it have any claim to the funds held in trust pursuant to the preliminary injunction order. In response, U4 recognized that "the state court action has concluded in a final judgment determining the ownership of the disputed interest in Sonic." U4 further contends, however, that there is an existing dispute as to the distribution of funds held in trust. According to U4, R&L and its assignees[4] have asserted a claim to the funds, and Defendants Martin and McCabe have asserted a claim to the funds. Accordingly, U4 asks this Court for leave to amend its Complaint to interplead the disputed funds, to add R&L and R&L's assignees as defendants in this action, and release U4 from any further liability related to the disputed funds.

## II. Analysis

As an initial matter, the Court lifts the stay in this case. The Court previously stayed this case pending outcome of the state court case. The state court case has been resolved, and Defendants have provided the Court with notice of that judgment. The Court will now address the parties' pending motions.

**A.      U4's Motion for Leave to Amend the Complaint**

   *1.      U4's motion is procedurally improper.*

U4 seeks leave to amend its Complaint under Rules 15(a) and 22 of the Federal Rules of Civil Procedure. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."[5] Defendants argue, however, that the Complaint is not the operative pleading in this case. They point out that the Court entered the Pretrial Order on February 17, 2017, which states:

---

[4] This includes Linda Carpenter and Jon Viets as Co-Trustees of the Roger L. Carpenter Trust as Assignee of R&L Carpenter Enterprises, Inc.

[5] Fed. R. Civ. P. 15(a).

> This pretrial order supersedes all pleadings and controls the subsequent course of this case. It will not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice. Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(b).

Rules 16(d) and (e) state:

> (d) Pretrial Orders. After any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it.
>
> (e) Final Pretrial Conference and Orders. The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as closely to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

Defendants argue that based on the cited language from the Pretrial Order and Rules 16(d) and (e), the Court should construe U4's motion as one to modify the pretrial order, which is governed by the more stringent "manifest injustice" standard.

In response, U4 argues that its motion is governed by Rule 15(a)(2) because the Pretrial Order entered in this case was not the final pretrial order contemplated by Rule 16(e). It points to language in the Pretrial Order stating that the Court will convene another pretrial conference "to discuss, among other things, the setting of deadlines for filing final witness and exhibit disclosures, [and] exchanging and marking of trial exhibits. . . ." U4 argues that this is the "final pretrial conference" referenced in Rule 16(e) and that the order issued after this pretrial conference would be the final pretrial order that is governed by the "manifest injustice standard." Thus, U4 contends that its motion was properly brought under Rule 15(a)(2).

U4's argument is not persuasive. District of Kansas Rule 16.2 explains the procedure of pretrial conferences in this district. It provides:

> (a) General Provisions. In most cases, the court will conduct a pretrial conference after discovery is complete and before the filing of dispositive motions (e.g., summary judgment). If the case remains at issue after dispositive motions have been decided, the judge who will preside at trial will conduct another pretrial conference (or conferences) to formulate a trial plan to facilitate the admission of evidence at trial; the court will set deadlines for filing and ruling on any objections to final witness and exhibit disclosures and deposition designations, motions in limine, . . . and any other matters calculated to make trial more efficient.
>
> The pretrial conferences contemplated by Fed. R. Civ. P. 16(d) will be held before a judge or magistrate judge with court participation throughout unless otherwise directed by the court. Parties may be present at the pretrial conference and they must be present when ordered by the court.
>
> The court will prepare the pretrial order or designate counsel to do so.
>
> . . . .

Local Rule 16.2(b) also provides the effect of the pretrial order:

> (b) Effect of Pretrial Order. The pretrial order, when approved by the Court and filed with the clerk, together with any memorandum entered by the court at the conclusion of the pretrial conference, will control the subsequent course of the action unless modified by consent of the parties and court, or by an order of the court to prevent manifest injustice.

As explained in the local rule, the language U4 cites in the Pretrial Order is referring to the second pretrial conference held before trial. This conference covers the production of exhibits at trial, the presentation of witnesses, the use of deposition testimony a trial, and other trial related matters. It does not cover the parties' contentions, which are set forth in the Pretrial Order as contemplated by Local Rule 16.2(a). Local Rule 16.2(b) provides that this Pretrial Order controls the course of action and may only be modified by the consent of the parties and court or "by an order of the court to prevent manifest injustice." Accordingly, the Court concludes that U4's motion for leave to amend the Complaint is procedurally improper. The operative pleading in this case is the Pretrial Order, and the Court will construe U4's motion as one to modify the Pretrial Order.

*2.   U4 has not demonstrated manifest injustice, and its motion is futile.*

A motion to amend a pretrial order "is committed to the district court's sound discretion."[6] "The burden of demonstrating manifest injustice is on the party seeking modification."[7] In determining whether to allow an amendment to the pretrial order, the Court considers the following factors: "(1) prejudice or surprise to the opposing party, (2) the ability to cure that prejudice, (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue, and (4) bad faith by the party seeking to modify the order."[8]

The first two factors do not support a finding of manifest injustice in this case. At the time it was stayed, this case was ready for trial if it was not disposed of through summary judgment motions. The underlying dispute that caused U4 to bring this lawsuit has now been resolved. The state court determined that Martin and McCabe exercised their right of first refusal as to R&L's 25% interest in Sonic and that the purported sale of that interest to U4 was void. U4's proposed amendment, however, will add an entirely new claim and new defendants to this lawsuit. Defendants will be required to incur unnecessary expenses defending this claim that they cannot recoup, making the prejudice incurable. If "modification of the pretrial order . . . would place a great burden on the opposing party, then it may not be allowed."[9]

---

[6] *Joseph v. Stephens & Johnson Operating Co.*, 2011 WL 4496624, at *6 (D. Kan. 2011) (citing *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir. 2000)).

[7] *Rush v. Speedway Buick Pontiac GMC, Inc.*, 525 F. Supp. 2d 1265, 1279 (D. Kan. 2007) (citing *Koch v. Koch Indus.*, 203 F.3d 1202, 1222 (10th Cir. 2000)).

[8] *Id.*

[9] *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993) (alterations in original omitted).

The third factor also does not support a finding of manifest injustice. The addition of a new claim and new parties to the lawsuit is not a simple disruption to this litigation. It would require additional discovery and potentially additional briefing. This case has been pending since 2016. It is not efficient to prolong it any further to add a new claim that essentially commences a new lawsuit.[10]

Finally, the Court must consider whether U4 acted in bad faith in bringing its motion. Defendants contend that U4's motion "raises a specter of bad faith" because U4 has no legitimate interest in any dispute between Defendants and the proposed R&L defendants with regard to the funds being held in trust. In its amended complaint, U4 alleges that it "exerts no claim to any portion of the disputed funds." Defendants speculate that U4 may be attempting to assist R&L by providing it a way out of state court, where it previously obtained an unfavorable result.[11]

While the Court does not find that U4 is acting in bad faith, it must also "consider the timing of when the party knew of the potential need for modification."[12] U4 does not indicate when it discovered that there was a dispute to the funds held in trust. However, the state court lawsuit was filed in October 2016; Defendants moved for a stay of the case on January 23, 2017; and the Court entered its preliminary injunction Order on January 30, 2017. The Pretrial Order was entered two and a half weeks later on February 17, 2017. At the time of the pretrial conference, U4 could have anticipated that there would be an issue regarding who owned the funds held in

---

[10] *See D-J Engineering, Inc. v. 818 Aviation, Inc.*, 2018 WL 2926387, at *2 (D. Kan. 2018) (discussing this factor and concluding that "[d]ue to the age of this case, the court does not believe it is efficient to prolong the ongoing litigation to add a new claim.").

[11] R&L and its assignees are all citizens of Kansas. Therefore, the federal courts lack jurisdiction to decide any dispute between Martin, McCabe, and the proposed defendants as to the funds held in trust.

[12] *D-J Engineering*, 2018 WL 2926387, at *3 (quoting *Harris v. Cmty. Res. Council of Shawnee Cty.*, 2007 WL 196885, at *1 (D. Kan. 2007)).

trust and whether U4 would be subject to any liability regarding these funds. But, U4 did not raise these issues in the Pretrial Order. "Nothing in Rule 16 prevents a party from identifying a potentially controlling legal principle simply because it is inchoate at the time the pretrial order is drafted."[13] Thus, U4 had the opportunity to prevent any injustice that may arise from this situation before the Pretrial Order was entered and failed to do so.

In sum, U4 does not establish any of the four factors necessary to show manifest injustice. The Court denies U4's motion on this basis alone. However, the motion also fails because the proposed amendment is futile. Like a motion to amend a complaint, "[a] court is justified in denying a motion to amend [a pretrial order] as futile if the proposed claim could not withstand a motion to dismiss or fails to state a claim for relief."[14]

U4 seeks to bring an interpleader under Fed. R. Civ. P. 22, which provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."[15] This Court has explained an interpleader action under Rule 22 as follows:

> Interpleader . . . under Rule 22 . . . affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding. Courts resolve an interpleader action according to a two-step process. Interpleader's first step requires the court to determine whether the interpleader prerequisites are met and, if so, whether to discharge the stakeholder from further liability to the claimants. If met, interpleader's second step involves determining the claimant's respective rights to the disputed fund.[16]

---

[13] *Joseph Mfg. Co.*, 986 F.2d at 419-20.

[14] *Stephens & Johnson Operating Co.*, 2011 WL 4496624, at *6 (citing *McNeal v. Zobrist*, 2006 WL 2692811, at *3 (D. Kan. 2006)).

[15] Fed. R. Civ. P. 22(a).

[16] *Primerica Life Ins. Co. v. Frantz*, 371 F. Supp. 3d 960, 962 (D. Kan. 2019) (internal quotation marks and citations omitted).

Here, the interpleader requirements are not met. U4 does not control the fund held pursuant to the preliminary injunction order. It is held in Defendants' counsel's trust account and is under the control of the Court. Additionally, U4 is not subject to any claims by any person or entity regarding the funds held in trust. The proceeds in the trust were generated by Sonic's operations and were to be paid to whomever the state court determined owns the 25% interest previously held by R&L. Because the state court set aside R&L's sale to U4 as void, U4 does not have any right to the funds. No party in this litigation or in the state litigation is seeking a right of recovery against U4. Indeed, in the attachment to the amended complaint, R&L raised the issue regarding the funds with Defendants, and Defendants responded. R&L did not raise the issue with U4. Thus, even if the Court allowed U4 leave to amend the Pretrial Order, such leave would be futile.

The Court recognizes that there may be a dispute between Defendants and R&L and its assignees regarding who owns the funds held in trust. But that dispute can and should be resolved in state court. Neither U4 nor this Court need to be involved in the matter. U4's motion for leave to amend the Complaint is denied.

**B.        Defendants' Motion to Release Funds Held in Trust and Dismiss this Action**

Defendants move to release the funds held in trust and dismiss this case with prejudice. They do not cite any rule of the Federal Rules of Civil Procedure in support of their motion, but the Court assumes that they bring it under Rule 12(c)—motion for judgment on the pleadings.

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The standard governing a motion to dismiss on

the pleadings is the same as a motion to dismiss for failure to state a claim under Rule 12(b)(6).[17] To survive a motion to dismiss, a plaintiff must allege sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[18] Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[19]

The Court first takes judicial notice of the state court Journal Entry of Judgment.[20] By doing so, the Court can resolve Defendants' motion without converting it to a motion for summary judgment.[21] The state court Journal Entry of Judgment ordered R&L to transfer its 25% interest in Sonic to Martin and McCabe upon their payment of $824,605.13 to R&L. It also ordered R&L's attempted sale of its 25% interest to U4 to be "set aside and held for naught." Based on this judgment, U4 cannot allege any facts that would support its claim for breach of contract in this case. Furthermore, the funds held in trust pursuant to the Court's preliminary injunction order should be released to Defendant Sonic for distribution in accordance with the state court's Journal Entry of Judgment. Once the funds have been disbursed, this case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Release Funds Held in Trust and Dismiss this Action (Doc. 47) is **GRANTED**. The funds held in the client trust account

---

[17] *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[19] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[20] The Court may take judicial notice of state court documents. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

[21] *Tal v. Hogan*, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006).

of Fleeson, Gooing, Coulson & Kitch pursuant to the Court's preliminary injunction Order should be released to Sonic Drive-In of Pittsburg, LLC, and disbursed according to the state court judgment. This case is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Plaintiff's Complaint to Interplead Disputed Funds (Doc. 50) is **DENIED**.

**IT IS SO ORDERED**.

This case is now closed.

Dated this 13th day of December, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE